**NOT FOR PUBLICATION**

FEB 24 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCELO LUNA-MASTACHE, | No. 10-73824 |
| Petitioner, | Agency No. A093-446-440 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Marcelo Luna-Mastache, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252.

We review de novo questions of law, *Gutierrez v. Holder*, 662 F.3d 1083, 1086

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2011), and we deny the petition for review.

Luna-Mastache contends that the government's evidence of his alienage should not have been admitted at his removal hearing because it was protected by the confidentiality provision set forth at 8 U.S.C. § 1255a(c)(5)(A)(i). Contrary to his contention, the BIA correctly concluded that the evidence was not protected because it was drawn from Luna-Mastache's employment verification documents, and was not "information furnished by" Luna-Mastache in his legalization application. 8 U.S.C. § 1255a(c)(5)(A)(i); *see also id.* § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

Luna-Mastache's contention that 8 U.S.C. § 1252(a)(2)(B) violates due process and separation of powers by impinging on his fundamental right to family unity is foreclosed by *De Mercado v. Mukasey*, 566 F.3d 810, 816 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**

10-73824